**STEIN et al. v. CHATLIN.**

No. 925.

Municipal Court of Appeals for the District of Columbia.

Argued May 22, 1950.

Decided June 12, 1950.

William R. Lichtenberg, Washington, D. C., with whom Joseph Luria and Willard I. Zucker, Washington, D. C., were on the brief, for appellants.

John L. Laskey, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This case is similar to Stein v. Treger, D.C.Cir.1950, 182 F.2d 696. Appellants, Stein and Ney, partners engaged in the whiskey brokerage business in the District of Columbia, are the same as in that case but the appellees are different local retail whiskey dealers. Each case grows out of claimed fraud in the sale of whiskey. The complaints and answers in the two cases were closely parallel. The United States Court of Appeals affirmed a judgment of the United States District Court for the District of Columbia for Treger, the whiskey dealer in the other case. It is evident, therefore, that if the evidence in the present case comes within the ambit of the 'rulings in the other case then the judgment here, which was in favor of Chatlin, the present local dealer, should likewise be affirmed. We have concluded, however, that the evidence is sharply distinguishable.

In the Treger case two representations made by the brokers to the retailer were claimed to be false and fraudulent: (1) that the whiskey was available to the Chicago companies for whom Stein and Ney acted as brokers at the time a contract with the retailer was signed and a deposit on account paid; and (2) that Stein and Ney had investigated the Chicago companies and had found that they were financially responsible. The United States Court of Appeals held that there was sufficient evidence in that case to sustain the verdict of the jury that such representations were false and fraudulent. The complaint in the present case makes the same allegations,

but we hold that here the evidence does not support the complaint in material parts.

1. The allegation that the whiskey was "available".

In the present case appellee, plaintiff below, testified that before he signed a contract one of the brokers had told him that Camel whiskey was available and ready to put in for bottling and could be had in any quantity that he might desire for delivery every thirty days after the contract date. There was other testimony to the same effect both in the present case and in the case decided by the United States Court of Appeals. However, in the other case there was further testimony that at the time the retail dealer signed the contract the whiskey then on hand was subject to liens, that the Chicago companies had the certificates representing the whiskey "in hock" at a bank, and that they didn't own the certificates outright. Here, however, the broker testified "that *after* the plaintiff had contracted with the defendants' principals, and entirely unbeknownst to the defendants, the principals had borrowed money using the warehouse receipts for the bulk whiskey as collateral" (emphasis supplied) and that therefore the whiskey had become unavailable for delivery. There was no denial of this testimony, direct or indirect. On this point, therefore, the evidence in the two cases was directly contradictory. It is obvious that in the present case there was no evidence that the whiskey was unavailable at the time the contract was made; indeed, the evidence was to the contrary. There is no fraud unless the representation made was untrue at the time it was relied on.[1]

2. Investigation of the financial responsibility of the Chicago companies.

In the prior case there was evidence that the broker had told the Washington retailer that he had investigated the Chicago companies and had represented to him that they were financially responsible. The effect of the verdict in that case was to hold that such representations were untrue. In the present case Chatlin's deposition was taken before trial and at that time he stated that the broker "said they [the Chicago people] were reliable people." Chatlin, however, testified at the trial and gave no such evidence. Statements made in a deposition before trial are not evidence unless introduced as such at the trial. It results that there was no evidence at the trial that the broker made any direct representation as to the reliability or financial standing of his principals in Chicago (who, it developed subsequently, were crooks and racketeers) or that he had investigated such reliability or financial standing. Appellee relies upon the principle that fraud may rest not only upon words but upon the creation of a false impression by acts or in a concealment or suppression of the truth. He cites Gibbons v. Brandt, 7 Cir., 170 F.2d 385, 391. The case, however, was not presented to the jury on that theory. According to the agreed statement of evidence upon which the case is brought to us, the trial court instructed the jury that "The plaintiff claims that the defendants represented to him that whiskey was available on the part of the principal to comply with his contract at the time the contract was signed; that the principals to the contract had been investigated by the defendants and were dependable and financially responsible." The claim of such representations was contained in the present complaint and was also present in the case decided by the United States Court of Appeals, but in the present record we look in vain for any evidence to support such claim.

There is another element of possible fraud in the case. The contract with the Chicago companies, which the broker induced the retailer to sign, called for the delivery of "Camel" whiskey, and it was the same whiskey which the broker represented was "available". There is testimony in the record given by a vice president of Montebello Liquors, Inc., owners of the Camel label, that at the time the Chicago companies sent out circulars offering Camel whiskey for sale the latter had no right

[1] 37 C.J.S., Fraud, § 17.

to use the Camel label but that subsequently an arrangement was entered into as a result of which such permission was given. The record, however, is devoid of sufficient data to enable us to determine whether the representation of the broker as to Camel whiskey being available was made before or after permission to use the Camel label had been secured by the Chicago companies.

■ Since the case must be retried, we refer to one additional point discussed in the briefs. After two deliveries of whiskey had been made, such deliveries were stopped and thereupon the retailer signed a power of attorney authorizing the broker to go to Chicago and attempt to settle the matter by suit or otherwise. The broker argues in effect that by signing this power of attorney the dealer waived his right to claim that he had been defrauded. The trial court refused a proffered jury instruction on this subject, and the failure to give such instruction is assigned as error by the broker. We rule that the trial court was correct and that the proffered instruction has no applicability to the facts of the present case.

Reversed with instructions to grant a new trial.